UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
E.I., individually and on behalf of H.I.,
a child with a disability,

        Plaintiffs,                                    COMPLAINT

   - against -                                       Case No.:

NEW YORK CITY DEPARTMENT OF EDUCATION,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## PRELIMINARY STATEMENT

E.I., individually and on behalf of her son H.I., a child with a disability, by and through their attorney, ANDREA SPRATT, ESQ., of THE LAW OFFICE OF ANDREA SPRATT, for her complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1415(i)(3), to recover attorney's fees and costs incurred and owed to her attorney in the course of litigating an administrative proceeding brought under the IDEA, 20 U.S.C. § 1400, *et seq.*

2. The fee-shifting provisions of the IDEA permit a parent of a disabled student to obtain reasonable attorney's fees and costs from the school district when the parent successfully litigates a dispute regarding their child's right to receive a free appropriate special education program and related services, and emerges as a "prevailing party." 20 U.S.C. § 1415(i)(3)(B)(I).

3. This action follows a full evidentiary administrative proceeding that resulted in a decision and order, on the merits, in Plaintiff E.I.'s favor that bestows her with "prevailing party" status and entitles her to obtain attorney's fees and costs under the IDEA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's federal claim for reasonable attorney's fees and costs awarded to a prevailing party in an administrative proceeding under the IDEA pursuant to 20 U.S.C. § 1415(i)(3)(A), and as an action raising a federal question under 28 U.S.C. § 1331.

5. Venue lies in the Southern District of New York pursuant to 28 § U.S.C. 1391(b)(1) as the judicial district in which Defendant is situated and/or resides.

## PARTIES

6. Plaintiff E.I. is the parent and natural guardian of Plaintiff H.I., a minor child with a disability, as defined by IDEA, 20 U.S.C. § 1401(23).

7. Plaintiffs, though known to Defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEA statute, as well as the Family Education Rights Privacy Act ("FERPA"), 20 U.S.C. § 1232(g) and 34 C.F.R. § 99. Upon request of this Court, Plaintiffs are prepared to disclose such information on an *in camera* basis.

8. At all relevant times, E.I. and H.I. have resided in Queens, New York.

9. Defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, whose main office is located in Manhattan, is a "local educational agency" as defined by IDEA, 20 U.S.C. § 1401(19), and, as such, is required to provide appropriate special education programs and related services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.* and the regulations promulgated thereunder.

## FACTS

10. H.I. was born in 2010 and was classified by Defendant's Committee on Special Education as a child with a disability under the Autism classification as defined by IDEA, 20 U.S.C. § 1401(3)(A), thereby entitling H.I. to receive a free appropriate public education ("FAPE") under the IDEA.

11. Plaintiff E.I. retained the services of ANDREA SPRATT, ESQ., of THE LAW OFFICE OF ANDREA SPRATT, located in Manhattan, to challenge Defendant's denial of a FAPE for her son H.I. for the 2017-2018 school year.

12. Among other things, Defendant violated H.I.'s right to a FAPE by failing to recommend a home and community-based, extended school day program consisting of ten (10) hours per week of 1:1 Applied Behavior Analysis (ABA), a research-based methodology that is effective for teaching students with autism, on his IEP for the 2017-2018 school year.

13. Instead, Defendant's IEP recommended a state-approved nonpublic school day program, with related services, without any extended school day 1:1 ABA services despite the fact that Defendant had been ordered repeatedly during prior school years to provide both programs to meet its FAPE obligations.

14. In addition, Defendant refused to continue to provide H.I. with a transportation nurse to monitor and administer an epi-pen in the event that H.I., who suffers from severe, life-threatening food allergies, suffered an allergy attack on the school bus.

15. Instead, Defendant's IEP recommended a transportation paraprofessional who lacks the necessary medical training to monitor and treat H.I. in case he suffered an allergy attack on the school bus.

16. Plaintiff E.I. could not afford to pay the full cost of attorney's fees. Consequently, she incurred a debt for attorney's fees which she agreed to satisfy by authorizing her attorney to seek attorney's fees from Defendant pursuant to the fee-shifting provisions of the IDEA.

17. On May 5, 2017, Plaintiff E.I., through her attorney, requested an impartial hearing by filing a due process complaint ("DPC") with Defendant's Impartial Hearing Office seeking direct funding of the home and community-based, extended school day program consisting of ten (10) hours per week of 1:1 ABA that Defendant had impermissibly discontinued. Plaintiff alleged that the day program at AHRC/Brooklyn Blue Feather, the state-approved nonpublic day program recommended by Defendant, in combination with the home and community-based, extended school day program, was appropriate.

18. Plaintiff further alleged that Defendant had a policy of consistently refusing to place after-school services and the ABA methodology on IEPs that amounts to impermissible predetermination that prevented Plaintiff from meaningful participation in the formulation of her child's IEP.

19. Plaintiff further sought an order directing Defendant to add the after-school program to the IEP.

20. In addition, Plaintiff sought an order directing Defendant to add a round-trip transportation nurse, rather than a paraprofessional, to the IEP.

21. Defendant's Impartial Hearing Office appointed Dora Lassinger, Esq. as impartial hearing officer ("IHO").

22. Defendant's Impartial Hearing Office designated Plaintiff's hearing as Case Number 166136.

23. Plaintiff attempted to settle this matter, but Defendant refused to settle on the issue of the transportation nurse, and further failed to make a meaningful offer of settlement on the issue of the home and community-based ABA program.

24. The Impartial Hearing was held on July 19, 2017; April 23, 2018; May 6, 2018; and June 1, 2018.

25. Defendant defaulted on its case-in-chief.

26. Plaintiff called four witnesses.

27. Defendant called one witness to rebut Plaintiff's claim that H.I. requires a transportation nurse, as opposed to a transportation paraprofessional, on the school bus.

28. On June 26, 2018, IHO Lassinger issued a decision and order, on the merits, that directed Defendant to add 10 hours per week of the one-to-one home/community-based ABA, and a transportation nurse, to H.I.'s IEP and to continue providing the ABA services and a transportation nurse until the IEP was changed. Thus, the parent obtained all of the relief that she sought in the due process complaint.

29. Defendant did not appeal the decision and order issued in the Impartial Hearing. Thus, it is final and unappealable.

30. Plaintiff is therefore a prevailing party in the Impartial Hearing and entitled to obtain reasonable attorney's fees and costs.

FIRST CAUSE OF ACTION

31. Plaintiff repeats and realleges paragraphs 1 through 30 as if more fully set forth herein.

32. Plaintiff E.I. has authorized ANDREA SPRATT, ESQ., of THE LAW OFFICE OF ANDREA SPRATT, to obtain reasonable attorney's fees and costs arising from Plaintiff's prevailing

party status pursuant to the fee-shifting provisions of the IDEA to satisfy Plaintiff's debt for legal services.

33. The costs and fees charged by Plaintiff's attorney are consistent with and/or below market rates for the legal services performed, in light of counsel's experience and expertise and the complexity of the issues.

34. The time expended by Plaintiff's attorney in connection with the Impartial Hearing was reasonable in relation to the legal services requested and performed.

35. Through counsel, Plaintiff has made a written demand upon Defendant for payment of reasonable attorney's fees and costs in connection with Plaintiff's attorney's representation of Plaintiff and her child at the Impartial Hearing, but the matter has not been resolved.

36. This action is timely brought as there is a three-year statute of limitations as to fee claims.

## SECOND CAUSE OF ACTION

37. Plaintiff repeats and realleges paragraphs 1 through 36 as if more fully set forth herein.

38. Plaintiff hereby demands reasonable attorney's fees and costs for services rendered in this action.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

(a)  Assume jurisdiction over this action;

(b)  Award Plaintiff reasonable attorney's fees and costs in the amount of $13,055.00, in accordance with her status as a prevailing party in the Impartial Hearing;

(c)  Award Plaintiff reasonable attorney's fees and costs incurred in connection with the successful prosecution of this action to recover reasonable attorney's costs and fees

incurred in connection with the Impartial Hearing; and

(d) Grant such other and further relief as the Court deems just and proper.

Dated: June 9, 2021
      New York, New York        Respectfully submitted,

*s/ Andrea Spratt*
Andrea Spratt, Esq. (AS 0220)
The Law Office of Andrea Spratt
Attorney for Plaintiff
30 Wall Street, 8th Floor
New York, NY  10005
(212) 709-8066 (Phone)
(212) 943-2300 (Facsimile)
aspratt01@aol.com (E-mail)